# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| ROBERT J. INTLEKOFER, ) | Case No. 14-11530-HRT |
| ) | Chapter 7 |
| SSN: XX-XX-1065, ) | |
| ) | |
| Debtor. ) | |
| ) | |
| JOLI A. LOFSTEDT, Chapter 7 Trustee, ) | |
| ) | |
| ) | |
| ) | |
| Plaintiff, ) | Adversary Proc. No. 15-1364-HRT |
| ) | |
| vs. ) | |
| ) | |
| ROBERT J. INTLEKOFER and ) | |
| STEVEN DUANE CURRY, ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING DEFAULT JUDGMENT IN FAVOR OF TRUSTEE AND AGAINST ROBERT J. INTLEKOFER AND STEVEN DUANE CURRY

THIS COURT, having reviewed the Trustee's Motion for Entry of Default Judgment Against Robert J. Intlekofer ("Debtor") and Steven Duane Curry ("Curry") filed by Joli A. Lofstedt, the Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Robert J. Intlekofer, and Exhibits A and B attached thereto, good cause having been shown, and being advised of the premises, hereby:

FINDS:

1. This Court has original jurisdiction over these matters pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a), General Procedure Order No. 1984-3 and 28 U.S.C. § 157(b)(1) in that they arise under Title 11 of the United States Code.

2. The claim for orders to turnover property of the estate is a core proceeding pursuant to 11 U.S.C. § 157(b)(2)(E).

3. This court has constitutional jurisdiction over turnover actions.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

5. Pursuant to Fed. R. Bankr. P. 7004(f), this Court has personal jurisdiction over the Debtor and Curry pursuant to Fed. R. Bankr. P. 7004(b)(3).

6. The Debtor and Curry have failed to plead or otherwise defend within the time allowed by the Federal Rules of Bankruptcy Procedure or the time stated in the Summons and they are in default.

7. Neither the Debtor nor Curry are an infant or incompetent person and nor are they currently in the military service of the United States or in the military service of any nation with which the United States may be allied in the prosecution of a war or has been ordered to report for such military service or for induction into such military service and the Debtor and Curry are not are entitled to relief under the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. Apx. § 521.

IT IS THEREFORE ORDERED that the Motion is GRANTED.

The Debtor's bankruptcy estate owns certain real property commonly known as 4625 E. County Road 54, Fort Collins, Colorado 80524 (the "Property").  The Property is property of the bankruptcy estate pursuant to Bankruptcy Code § 541(a).  The Debtor and Steven Duane Curry have previously interfered with the Trustee's efforts to sell the property and the Trustee is entitled to permanent injunctive relief against them.

IT IS FURTHER ORDERED the Debtor and Steven Duane Curry Trustee are ordered to immediately turn over the Property to Plaintiff Joli A. Lofstedt, Trustee pursuant to Bankruptcy Code § 542(a),

IT IS FURTHER ORDERED that Robert J. Intlekofer and Steven Duane Curry be and hereby are permanently enjoined from interfering with Plaintiff Joli. A. Lofstedt, Trustee's efforts in obtaining possession of and marketing and selling the Property, and

IT IS FURTHER ORDERED that the Clerk shall enter a default judgment in favor of Trustee and against Robert J. Intlekofer and Seven Duane Curry as set forth above.

Dated:  November  30 , 2015.

BY THE COURT:

The Honorable Howard R. Tallman
United States Bankruptcy Court Judge